THE HONORABLE THOMAS S. ZILLY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACY HARDYAL, FRANK LOPA,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for Certificate Holders of Washington Mutual Mortgage Pass-Through Certificates WMALT Series 1007-3 Trust; unknown DOE defendants 1 through 50 claiming an interest in subject property,<br><br>Defendants. | Case No.: 2:17-01416-TSZ<br><br>DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR: May 11, 2018 |

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

CASE NO. 2:17-01416-TSZ

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Pursuant to LCR 7(g), Defendant U.S. Bank National Association, as Successor Trustee to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Washington Mutual Mortgage Pass-through Certificates WMALT Series 2007-3 Trust (the "Trust") hereby submits the following Surreply to Plaintiffs' Reply in Support of Motion for Summary Judgment ("Reply"). Dkt. No. 40.

### A. The Court Should Strike Plaintiffs' Misstatement of the Evidence.

The Trust respectfully requests that the Court strike Plaintiffs' argument that "Plaintiffs did not make the payments required by the Forbearance Agreement . . . . Plaintiffs made no payments on the Note after the $25,000 payment." Dkt. No. 40 at 7. Plaintiffs relied upon Frank Lopa's Declaration to support this argument, but the Declaration seems to contradict this argument. In his sworn Declaration, Frank Lopa testified that "Tracy Hardyal and I signed the Forbearance Agreement . . . [and] [w]e also sent $25,000 to GreenPoint Mortgage . . . [w]e did not make all of the payments required by the Forbearance Agreement . . . [w]e made no payments whatsoever after December 1, 2008." Dkt. No. 41 at 1-2. Frank Lopa's Declaration certainly suggests that *some* payments were made after the Forbearance Agreement was executed. As such, this Court should strike Plaintiffs' misstatement of the evidence in their Reply.

### B. The Court Should Strike Plaintiffs' Misstatement of the Trust's Argument.

The Trust respectfully requests that the Court strike Plaintiffs' mischaracterization of the Trust's Response. The Trust's position is that no acceleration occurred. In their Reply, Plaintiffs state that the Trust's "central" argument is that an acceleration occurred eleven days prior to the Trustee's Sale. Dkt. No. 40 at 4. This is simply not the case. Plaintiffs merely pulled a single sentence from the Trust's Response and took it completely out of context. A close reading of the

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:17-01416-TSZ
PAGE NO. 1

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Trust's Response demonstrates that the Trust's argument was focused on the fact that Plaintiffs had the right to reinstate their Loan up until eleven days before the Trustee's Sale and that, as such, no acceleration could have occurred until that reinstatement period expired. Dkt. No. 38 at 8-9. As set forth below, under Washington law, no acceleration could have possibly occurred until eleven days before the Trustee's Sale. In this case, the facts show that no acceleration took place during that period and the Trustee's Sale did not occur. Therefore, there was no acceleration. Plaintiffs' mischaracterization should be struck.

The Trust also respectfully requests that the Court strike Plaintiffs' misstatement of law regarding the Notice of Default from February 2008. Plaintiffs incorrectly argue that the February 13, 2008 Notice of Default constituted an acceleration. As set forth in a recent Court of Appeals decision, the Deed of Trust Act "precludes the creditor from enforcing the election [to accelerate a loan] prior to the eleventh day before the date of the trustee's sale." *Erickson v. Am.'s Wholesale Lender*, No. 77742-4-I, 2018 WL 1792382, at *3-4 (Wash. Ct. App. Apr. 16, 2018) (unpublished)[1] (*quoting Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank*, 80 Wn. App. 655, 669, 910 P.2d 1308 (1996). In *Erickson*, the Court held that multiple notices of default that were sent to the borrowers prior to the eleven days before the trustee's sale, which contained the following language that "the mortgage payments will be accelerated", which were merely "*pre-acceleration* notices." *Id.* at *3 (emphasis added). Similarly, here, the February 2008 Notice of Default asked the borrowers to pay $17,370.00 to reinstate until eleven days before the Trustee's Sale; in other words, it too was a pre-acceleration notice. Dkt. No. 36 at 31. Indeed, the *Erickson* Court made clear that "RCW 61.24.090(1) precluded the debt from being accelerated at the time of the mailing of the notices at issue. For this reason, also, [the

---

[1] For the Court's convenience, a copy of the recent *Erickson* decision is attached hereto as **Exhibit A**.

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:17-01416-TSZ
PAGE NO. 2

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

borrower's] argument is unavailing." *Id.* at *4. As such, Plaintiffs have misstated Washington law and their argument should be struck.

Plaintiffs also incorrectly argue that the statute of limitations of an installment promissory note is six years from default. This is directly contradicted by the established case law. Washington law distinguished between demand promissory notes and installment promissory notes. *Edmundson v. Bank of Am.*, 194 Wash. App. 920, 927-32, 378 P.3d 272 (2016). In this case, it is not disputed that the Note is an installment note. As an installment note, the Note matures on October 1, 2036—at which point the six-year statute of limitations would begin to run. *Erickson*, 2018 WL 1792382, at *2. In their Reply, Plaintiffs argued that the statute of limitations was "restarted" when they executed the Forbearance Agreement. However, their ultimate conclusion, that the statute of limitations ran in 2014 is fundamentally flawed and contrary to Washington law. If the statute of limitations was "restarted" by the Forbearance Agreement, then the statute of limitations would not begin to run until the Note was accelerated or the statute of limitations ran on the installment note—on October 2, 2042. As such, the statute of limitations has not run. Plaintiffs' argument is not supported by the law and, as such, should be struck.

## CONCLUSION

For the reasons stated herein, the Trust respectfully requests that the Court strike the relevant portions of Plaintiffs' Reply set forth above.

///

///

///

///

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:17-01416-TSZ
PAGE NO. 3

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

DATED: May 16, 2018.

**HOUSER & ALLISON, APC**

By: *s/ Ryan S. Moore*
    Robert W. Norman, Jr. (WSBA 37094)
    rnorman@houser-law.com
    Ryan S. Moore (WSBA 50098)
    rmoore@houser-law.com
    Amber L. Labrecque (WSBA 51854)
    alabrecque@houser-law.com
    Attorneys for U.S. Bank National Association, as Successor Trustee to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Washington Mutual Mortgage Pass-through Certificates WMALT Series 2007-3 Trust

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:17-01416-TSZ
PAGE NO. 4

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

# DECLARATION OF SERVICE

I the undersigned declares as follows: I am over the age of 18 years and am not a party to this action. On May 16, 2018, I served the foregoing document(s): DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT in the manner described below:

| | |
|---|---|
| Guy W. Beckett<br>Berry & Beckett, PLLP<br>1708 Bellevue Avenue<br>Seattle, WA 98122<br>gbeckett@beckettlaw.com<br>*Counsel for Defendant Lopa and Hardyal* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ E-mail (to avoid delay)<br>☐ Courier |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 16, 2018

       *s/ Shawn Williams*
       Shawn Williams

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:17-01416-TSZ
PAGE NO. 5

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839