THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACY HARDYAL, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee,<br><br>　　　　Defendant. | Case No.: 2:17-01416-TSZ<br><br>DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53]<br><br>NOTE ON MOTION CALENDAR: July 26, 2018<br><br>*ORAL ARGUMENT REQUESTED* |

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53]
CASE NO. 2:17-01416-TSZ

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

## INTRODUCTION AND RELIEF REQUESTED

Pursuant to LCR 7(h), Defendant[1] respectfully moves (the "Motion") for reconsideration of the Court's July 20, 2018 oral ruling and Order (the "Order") granting Plaintiffs' Motion for Summary Judgment ("MSJ"). By granting MSJ, the Court eliminates a $1 million debt[2] owed to Defendant and awards a mortgage-free Property in King County to out-of-state Plaintiffs who have not made a payment on the Loan for nine years. The Defendant seeks to correct two manifest errors and to introduce new facts directly pertinent to the MSJ. For the reasons below, the Defendant respectfully requests that the Court reconsider its Order and deny Plaintiffs' MSJ.

## ARGUMENT FOR RECONSIDERATION

1. Reconsideration Standard.

Reconsideration motions are "disfavored" and "ordinarily" denied in the "absence of a showing of manifest error in the prior ruling" or a "showing of new facts…which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h). However, the Defendant believes that the Court committed manifest error by failing to find a genuine issue of material fact as to whether Plaintiffs acknowledged the debt through payments made under the Forbearance Agreement and by signing the Forbearance Agreement. The Court also committed manifest error by misapplying *Steinberger v. IndyMac Mortg. Servs.*, No. 15-00450, 2017 WL 6040003 (D. Ariz. Jan. 12, 2017). The Court in *Steinberger*, which this Court

---

[1] U.S. Bank National Association, as Successor Trustee to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Washington Mutual Mortgage Pass-through Certificates WMALT Series 2007-3 Trust (the "Defendant").

[2] To quiet title, a borrower must, under Washington common law, repay the Deed of Trust. *See Walker v. Quality Loan Serv. Corp.*, 176 Wn. App. 294, 321, 308 P.3d 716, (2013) (quotations omitted); *Hummel v. Nw. Tr. Serv.*, 180 F. Supp. 3d 798, 809 (W.D. Wash. 2016) ("to quiet title, a plaintiff must allege facts showing that he has satisfied his obligations under the deed of trust"). It is undisputed that Plaintiffs are not paying a $1 million debt under the Deed of Trust. Nothing in RCW 7.28.300 overrules this common law.

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53]
CASE NO. 2:17-01416-TSZ
PAGE NO. 1

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

relied upon in its oral ruling, holds that constructive notice of revocation by the lender is sufficient evidence for de-acceleration. *Id.* at *12. Here, there was record evidence of constructive notice of revocation. Finally, the Defendant seeks to introduce new, critical facts recently produced by the Plaintiffs in the related judicial foreclosure case ("Foreclosure Case"). On July 20, 2018, this Court, *sua sponte*, granted Plaintiffs' untimely motion, filed the night before, to supplement the record from the Foreclosure Case. The Court did not give Defendant the opportunity to similarly supplement the summary judgment record from the Foreclosure Case. In the interest of justice, especially where the Plaintiffs hold the burden, the new facts in Section 4 below should be considered as part of the summary judgment record.

    2.    <u>The Court Erred by Failing to Find that Plaintiffs Acknowledged the Debt</u>.

Plaintiffs' position which the Court adopted through its Order is that the February 2008 notice of default letter accelerated[3] the Loan and therefore, without any tolling, acknowledgment, or de-acceleration, the ability to foreclose would expire in February 2014. The running of the six-year statute of limitations is generally a bar to an action on an unpaid debt. RCW 4.16.040(1). But an untimely action may be maintained under RCW 4.16.280 "by a written acknowledgment or promise signed by the debtor that recognizes the debt's existence, is communicated to the creditor, and does not indicate an intent not to pay." *In re Tragopan Props., LLC*, 164 Wn. App. 268, 273, 263 P.3d 613 (2011). "When a writing is made before the limitations period has expired, any acknowledgment of the obligation necessarily implies an

---

[3] Defendant disputes the Court's ruling that February 2008 default letter constituted an acceleration based on *Erickson v. America's Wholesale Lender*, No. 77742-4-I, 2018 WL 1792382 (Wash. App. Apr. 16, 2018), which held that three letters for non-judicial foreclosures with "will be accelerated" language were not accelerations. Neither the Court in *Fujita v. Quality Loan Serv. Corp. of Washington*, 2016 WL 44304645 (W.D. Wash. Aug. 22, 2016) nor *Umoyo v. Bank of America, N.A.*, 2017 WL 1532664 (W.D. Wash. Apr. 28, 2017) ruled in the borrower's favor on quiet title. The Court in *Fujita* dismissed borrower's case and the Court in *Umoyo* denied borrower's preliminary injunction. Both cases discuss acceleration as *dicta* and should not be dispositive here.

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53]
CASE NO. 2:17-01416-TSZ
PAGE NO. 2

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839


agreement to pay, unless something in the acknowledgment requires a contrary conclusion." *Fetty v. Wenger*, 110 Wn. App. 598, 36 P.3d 1123 (2001). By signing the Forbearance Agreement and making several payments (as set forth in the new evidence below), Plaintiffs acknowledged the debt.

The case of *Lombardo v. Mottola*, 18 Wn. App. 227, 566 P.2d 1273 (1977), is instructive. There, the standard was higher than here because the statute of limitations had already passed by the time an acknowledgment was made. In *Lombardo*, the following letter by the borrower acknowledged the debt:

> I am writing this letter to you regarding the note…[W]e have been unable to pay you this note. [W]e are authorizing you to contact…Mr. Mino Pella…this letter will authorize Mr. Mino Pella…to pay to you direct…[the amount] we owe…

*Id.* at 229. Here, Plaintiffs acknowledged the debt before the statute of limitations had passed by agreeing in 2008 that they were "in default due to the non-payment of the required monthly mortgage payments" in the amount of $42,051.86. Dkt. #39-6 at 2. The Forbearance Agreement was communicated to the creditor through fax and showed an intent to pay. When analyzing acknowledgment, whether Plaintiffs paid under the Forbearance Agreement is irrelevant. There was no evidence of whether Pella paid in *Lombardo*; the borrower's promise was sufficient.

Here, however, there is evidence set forth below that in addition to signing the Forbearance Agreement, Plaintiffs cured their $42,051.86 in arrearages after the February 2008 acceleration. By making those payments, the Plaintiffs were acknowledging that the Loan was no longer accelerated. As Division 1 held in *Lombardo*, the "writing takes the case out of the statute of limitations." *Id.* at 232. Similarly, here, Plaintiffs' signing the Forbearance Agreement and paying more than $42,000 to cure arrearages takes the Loan out of the statute of limitations.

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53]
CASE NO. 2:17-01416-TSZ
PAGE NO. 3

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

In *Steinberger v. Ocwen Loan Servicing, LLC*, No. 17-15314, 2018 WL 3153127 (9th Cir. Jun. 28, 2018), issued after Defendant's briefing on acknowledgment, the Ninth Circuit held that a forbearance agreement was a "written acknowledgment of the debt" which "tolled the six-year statute of limitations." *Id.* at *1. The forbearance agreement in *Steinberger* "specified the loan number," like here, and "sufficiently identif[ied] the obligation." *Id.* at *1. Like here, the forbearance agreement in *Steinberger* acknowledged the creditor's right to resume "collection servicing" upon a default, which "represented an implied promise to pay the original debt." *Id.* Finally, like the Plaintiffs here, Steinberger made payments under the plan which is a "clear acknowledgment of the justness of the debt." *Id.* (citations omitted). At minimum, genuine issues of fact exist regarding whether Plaintiffs acknowledged the debt.

3. <u>The Court Erred by Misapplying *Steinberger* on De-Acceleration.</u>

As Plaintiffs admitted, no Washington case provides "firm guidelines for when a creditor should be deemed to have abandoned a prior acceleration of an installment debt." Dkt. #46 at 5. The Court, in its oral ruling, referenced *Steinberger v. IndyMac Mortg. Servs.*, No., 2017 WL 6040003 (D. Ariz. Jan. 12, 2017), which was cited by both parties. Respectfully, the Court misapplied *Steinberger*. The Court there held that "revocation of acceleration occurs when a lender takes an affirmative act that places the borrower on actual *or constructive* notice of the revocation." *Id.* at *12 (emphasis added). The lender in *Steinberger* introduced two pieces of evidence of de-acceleration: (1) a cancellation of the Trustee's Sale; and (2) a default letter under which the borrower had a right to cure by "paying the past-due amounts, i.e., not the entire loan balance." *Id.* at *13. The Court found that "[e]ither one of these acts was sufficient to revoke the acceleration." *Id.* The Court held that the letter gave the opportunity to "cure for less

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53]
CASE NO. 2:17-01416-TSZ
PAGE NO. 4

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

1  than the entire balance, made clear to her the entire loan was no longer accelerated." *Id.*
2  "Obviously an accelerated loan cannot again be accelerated." *Id.*

3      *Steinberger* should result in denial of summary judgment for the Plaintiffs. The
4  Defendant introduced two pieces of evidence akin to the evidence in *Steinberger*: the 2012
5  notice of default and Ocwen's 2013 welcome letter. Dkts. #39-1, 39-8. The 2012 notice of
6  default states that the Plaintiffs are in "default" but that they had a "right to cure" by paying past
7  due amounts, not the entire loan balance. Dkt. #39-8 at 2. The 2013 Ocwen welcome letter
8  stated that Plaintiffs' next payment amount was for $3,823.75, not the accelerated amount, with
9  a next payment date of September 1, 2008 (not the date set forth in the February 2008 Notice).
10  Dkt. #39-1 at 2. Application of *Steinberger* should result in reversal of the Order.

11      4.    <u>New Evidence Shows Plaintiffs Cured Arrearages and Acknowledged the Debt</u>.

12      After Defendant submitted its opposition to Plaintiffs' MSJ in May 2018, the Plaintiffs
13  produced pertinent evidence in the related Foreclosure Case. At the time, Defendant believed no
14  discovery from the Foreclosure Case could be part of this record because the Plaintiffs'
15  documents were produced after evidentiary briefing on the MSJ. However, this Court then
16  granted *sua sponte* the Plaintiffs' untimely request to supplement the record to include evidence
17  from the related Foreclosure Case through a supplemental declaration. Defendant was not given
18  an opportunity to respond to that untimely motion or similarly supplement the record from the
19  Foreclosure Case's productions, including from the Plaintiffs. It is only equitable, especially
20  given the drastic result of the Order, to give Defendant the same opportunity. The Plaintiffs'
21  recent production in the Foreclosure Case shows that Lopa acknowledged the debt from August
22  2008 until at least January 2009, and that Plaintiffs cured their arrearages.

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53]
CASE NO. 2:17-01416-TSZ
PAGE NO. 5

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

On August 22, 2008, a Loss Mitigation Specialist at Greenpoint wrote to Lopa that "the foreclosure sale has been stopped and funds posted to your account." Moore Decl., Ex. 1. Lopa did not produce the email's second page. *Id.* Lopa produced checks to the order of Greenpoint Mortgage Bank for $25,000 in August 2008, $5,244.75 in September 2008, $5,244.75 in October 2008, and $5,244.75 in November 2008. *Id.* at Ex. 2. Lopa then sent in an additional check of $5,244.75 to Countrywide dated December 30, 2008. *Id.* at Ex. 3. Lopa paid off the arrearages[4] of $42,051.86 which is why subsequent documents, such as the 2012 notice of default and 2013 Ocwen welcome letter, show the next payment date as September 2008.

The December 30, 2008 check is more than 120 days from the August 22, 2008 Trustee's Sale. Under the Washington Deed of Trust Act ("DTA"), no Trustee's Sale can be continued more than 120 days. RCW 61.24.040(6). The language in the Forbearance Agreement about the continuance of any foreclosure action was therefore mooted by the DTA.

After the Trustee's Sale was discontinued, Lopa was still acknowledging the debt. On January 13, 2009, Lopa wrote the following email to Countrywide:

> According to the forebearance [sic] agreement I arranged with [Greenpoint] on August 21, 2008, I have to pay $5,244.75 each month for the mortgage payment on this property. The check you received is a payment for January 2009. I was informed by Greenpoint that as of December 1st, all payments are to be made to Countrywide.

Moore Decl., Ex. 4. A year after acceleration, Lopa still intended to pay monthly amounts, not an accelerated amount. He had been paying monthly amounts from August 2008 until January 2009. Defendant requests the Court reconsider whether Plaintiffs acknowledged the debt.

---

[4] Under the Forbearance Agreement, payments made first satisfy the arrearages. Dkt. #39-6 at 3, ¶ 9.

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53]
CASE NO. 2:17-01416-TSZ
PAGE NO. 6

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

## CONCLUSION

Based on the above and the corresponding declaration and exhibits, the Defendant respectfully requests that this Court reconsider the Order and deny Plaintiffs' MSJ.

DATED: July 26, 2018.

**HOUSER & ALLISON, APC**

By: *s/ Ryan S. Moore*
Robert W. Norman, Jr. (WSBA 37094)
rnorman@houser-law.com
Ryan S. Moore (WSBA 50098)
rmoore@houser-law.com
Attorneys for U.S. Bank National Association, as Successor Trustee to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Washington Mutual Mortgage Pass-through Certificates WMALT Series 2007-3 Trust

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53]
CASE NO. 2:17-01416-TSZ
PAGE NO. 7

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

# DECLARATION OF SERVICE

I the undersigned declares as follows: I am over the age of 18 years and am not a party to this action. On July 26, 2018, I served the foregoing document(s): DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53] in the manner described below:

| | |
|---|---|
| Guy W. Beckett<br>Berry & Beckett, PLLP<br>1708 Bellevue Avenue<br>Seattle, WA 98122<br>gbeckett@beckettlaw.com<br>*Counsel for Plaintiffs Lopa and Hardyal* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ E-mail (to avoid delay)<br>☐ Courier |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 26, 2018

*s/ Shawn Williams*
Shawn Williams

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION FOR RECONSIDERATION OF JULY 20, 2018 ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DKT. #53]
CASE NO. 2:17-01416-TSZ
PAGE NO. 8

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839