The Hon. Thomas S. Zilly

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACY HARDYAL, FRANK LOPA,

Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION,
as Successor Trustee to Bank of America,
N.A. as Successor to LaSalle Bank, N.A. as
Trustee for Certificate Holders of Washington
Mutual Mortgage Pass-Through Certificates
WMALT Series 2007-3 Trust; unknown DOE
defendants 1 through 50 claiming an interest
in subject property,

Defendants.

Case No.: 2:17-01416 TSZ

PLAINTIFFS' OPPOSITION TO
U.S. BANK'S MOTION FOR
RECONSIDERATION

NOTED ON MOTION CALENDAR:
August 17, 2018

ORAL ARGUMENT REQUESTED

PLAINTIFFS' OPPOSITION TO
MOTION FOR RECONSIDERATION - i
(Case No. 2:17-01416 TSZ)



Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

# I.  INTRODUCTION

On July 20, 2018, the Court granted Plaintiffs' motion for summary judgment, ruling that (1) the Promissory Note signed by the Plaintiffs on September 28, 2006 is unenforceable under the bar of the six-year statute of limitations of RCW 4.16.040(1), and (2) the Deed of Trust on Plainitiffs' real property at 129-21st Avenue East, Seattle (the "real property") that secured the Note is unenforceable because U.S. Bank is unable to collect on the Note. The Court ruled that Plaintiffs' title in the real property should be quieted against any right, title or interest claimed by U.S. Bank, pursuant to RCW 7.28.300. On July 26, 2018, U.S. Bank timely filed a Motion for Reconsideration. Dkt. #56.

U.S. Bank's Motion for Reconsideration meets neither the procedural nor substantive standards required in this District and the Ninth Circuit. The Court should deny the motion and should enter Judgment in favor of Plaintiffs consistent with its July 20, 2018 rulings.

# II.  LEGAL AUTHORITY AND DISCUSSION

**A.     Standards Applicable to Motions for Reconsideration.**

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). Granting a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatini,* 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration should not be granted unless the trial court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc.,* 229 F.3d at 890. A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could have been presented at the time of the challenged decision. *Id.*; *Carroll,* 342



F.3d at 945; *Fay Corp. v. BAT Holdings One, Inc.,* 651 F. Supp. 307, 309 (W.D. Wash. 1987,

*aff'd* 896 F.2d 1227 (9th Cir. 1990) (motion for reconsideration not justified on basis of new

evidence available prior to challenged ruling); *CAP CO. v. Microsoft Corp.,* No. C14-1899

MJP, 2015 WL 12030061, at *2 (W.D. Wash. May 8, 2015) (plaintiff filing motion for

reconsideration "failed to meet the minimum standards" for motion by citing "six year-old

case law which it clearly could have included in its original response"). Nor may such

motions "be used to relitigate old matters[.]" *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 128

S.Ct. 2605, 2617 (2008) (quoting 11 C. Wright and A. Miller, *Federal Practice and*

*Procedure* § 2810.1 at 127-28 (2d ed. 1995)); *Combs v. Washington,* No. C12-5280 RBL-

KLS, 2013 WL 2300752, at *1 (W.D. Wash. May 23, 2013) (citation omitted) ("Neither the

Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for

reconsideration, is intended to provide litigants with a second bite of the apple … [and]

should not be used to ask a court to rethink what the court had already thought through—

rightly or wrongly…. Mere disagreement with a previous order is an insufficient basis for

reconsideration[.]").

  Local Civil Rule ("LCR") 7(h) provides,

> Motions for reconsideration are disfavored. The court will ordinarily
> deny such motions in the absence of a showing of manifest error in the
> prior ruling or a showing of new facts or legal authority which could not
> have been brought to its attention earlier with reasonable diligence.

"The term 'manifest error' is an error that is plain and indisputable, and that amounts to a

complete disregard of the controlling law or the credible evidence in the record." *Combs,*

2013 WL 2300752, at *1 (citation and internal quotation punctuation omitted).

  U.S. Bank's Motion for Reconsideration is based on arguments and facts already



1  brought to the Court's attention or which could have been brought to the Court's attention

2  prior to its July 20, 2018 ruling. The Court did not commit error, and there has been no

3  change in the applicable law since the Court's ruling. The Court should deny the motion.

4  **B.     By Signing the Forbearance Agreement, the Plaintiffs Did Not Acknowledge the
5          Original Debt. But Even If They Had, the Statute of Limitations on Collection of
        the Note Still Expired Before Plaintiffs Commenced This Action.**

6
7          U.S. Bank's primary argument is that the Plaintiffs acknowledged the original Note

8  debt when they signed the Forbearance Agreement and made partial payments under the

9  Agreement. U.S. Bank made this same argument in its opposition to Plaintiffs' Motion for

10 Summary Judgment (*see* Dkt. #38 at 3-5), and the Plaintiffs responded to it (Dkt. #40 at 5-9).

11 Whether the Plaintiffs acknowledged the original Note debt by signing the Agreement and

12 making some of the required payments is therefore not a proper subject for a motion for

13 reconsideration. *Exxon Shipping Co.* 128 S.Ct. at 2617 (2008); *Combs v. Washington,* No.

14 C12-5280 RBL-KLS, 2013 WL 2300752, at *1.[1]

15
16         U.S. Bank observes that in addition to the Plaintiffs' $25,000 payment that

17 accompanied the delivery of the Agreement on August 21, 2008, the Plaintiffs made

18 additional payments under the Agreement. Those payments—for October, November, and

19 December 2008—added to the original $25,000 payment, totaled $40,734.25. Moore Decl. in

20 Support of Motion for Reconsideration (Dkt. #55), Ex. 2. The Plaintiffs' January 2009

21 payment was returned and never remade. *Id.*, Ex. 3. This evidence, which U.S. Bank claims it

22

23 [1] In support of its restated argument that the Plaintiffs acknowledged the debt by signing the Forbearance
   Agreement and paying U.S. Bank, U.S. Bank cited two cases it did not cite in its opposition to the Motion for
24 Summary Judgment, *Fetty v. Wenger*, 110 Wn. App. 598, 36 P.3d 1123 (2001), and *Lombardo v. Mottola,* 18
   Wn. App. 227, 566 P.2d 1273 (1977). Dkt. #54 at 3. Both cases were both available to U.S. Bank prior to the
25 July 20, 2018 hearing, could have been cited in its original opposition to the Motion for Summary Judgment,
   and therefore should not be considered by the Court. *CAP CO. v. Microsoft Corp.*, 2015 WL 12030061, at *2.
26 Moreover, neither case is on point, as they both dealt with an alleged acknowledgment occurring after the
   statute of limitations had run, not before expiration of the limitations period.

PLAINTIFFS' OPPOSITION TO
MOTION FOR RECONSIDERATION - 3
(Case No. 2:17-01416 TSZ)

Berry&Beckett
LLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

just learned through discovery in the King County judicial foreclosure case, is consistent with information and evidence already part of the record in this case. *See* Answer (Dkt. #27) at 4 ("Plaintiffs failed to pay the accelerated balance due of $532,000 plus accrued costs, failed to cure all payments in default on the Promissory Note, and after December 2008, made no further payments on the Promissory Note or on sums secured by the Deed of Trust."); Lopa Decl. for Reply in Support of Plaintiffs' Motion for Summary Judgment (Dkt. # 41) at 2 ("We did not make all of the payments required by the Forbearance Agreement to GreenPoint or any other company. We made no payments whatsoever after December 1, 2008 to GreenPoint or U.S. Bank National Association or any other company on the September 28, 2006 Promissory Note."). Therefore, the copies of Plaintiffs' checks attached to Mr. Moore's declaration, and the information in them, is not evidence which could not have been brought to the Court's attention earlier with reasonable diligence, and therefore should not be considered for its Motion for Reconsideration.[2]

The Forbearance Agreement was not an acknowledgment of the September 2008 Note. RCW 4.16.280 controls what is considered to be an acknowledgment sufficient to take a debt out of the statute of limitations:

**New promise must be in writing.**

---

[2] In addition to the check copies and confirmation that the January 2009 payment was returned to Plaintiffs, U.S. Bank also submitted with its Motion for Reconsideration a copy of an August 22, 2008 e-mail from Jacqueline Taylor to Mr. Lopa confirming that the Trustee's Sale scheduled for August 22, 2008 had been "stopped." Moore Decl. in Support of Motion for Reconsideration, Ex. 1. This evidence is cumulative of evidence that both sides submitted prior to the July 20, 2018 hearing, and the Plaintiffs have readily acknowledged that the August 22, 2008 Trustee's Sale was cancelled in response to the delivery of the signed Agreement and payment of $25,000. This "new evidence" is nothing that hasn't already been presented to and considered by the Court and therefore is an inappropriate basis for a motion for reconsideration. LCR 7(h); *Kona Enters., Inc.,* 229 F.3d at 890. Further, this case has been pending since August 21, 2017, and U.S. Bank conducted no discovery. Beckett Decl. at 2. There can be no argument that the evidence attached to Mr. Moore's declaration could not have previously been submitted to the Court had U.S. Bank exercised reasonable diligence.

PLAINTIFFS' OPPOSITION TO
MOTION FOR RECONSIDERATION - 4
(Case No. 2:17-01416 TSZ)

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

> No acknowledgment or promise shall be sufficient evidence of a new or
> continuing contract to take the case out of the operation of this chapter
> [governing limitations of actions], unless it is contained in some writing
> signed by the party to be charged thereby, but this section shall not alter
> the effect of any payment of principal or interest.

An acknowledgment must be a writing or promise signed by the debtor that, among other things, recognizes the debt's existence. *In re Tragopan Properties, LLC,* 164 Wn. App. 268, 273, 263 P.3d 613 (2011). To be effective, there must be an express promise to pay or an acknowledgment that the obligation exists. *Fetty v. Wegner,* 110 Wn. App. 598, 603, 36 P.3d 1123 (2001). For an acknowledgment that the obligation exists, the writing must contain a clear admission of the debt. *Id.* (citing *Burnham v. Burnham,* 18 Wn. App. 1, 3, 567 P.2d 242 (1977)). Where no promise to pay is made in the writing, the acknowledgment must be in terms so clear and unequivocal that a promise is raised as a natural inference from the language used. *Bank of Montreal v. Guse,* 51 Wash. 365, 369-70, 98 P. 1127 (1909). And where the acknowledgment leaves the amount of the debt in dispute, it is insufficient; mere inference may not be substituted for direct and positive expression. *Id.* at 370. The expression of the acknowledgment must be clear and unequivocal and made with reference to a particular debt subsisting at the time; the acknowledgment must be so clear that a promise to pay must necessarily be implied. *Id.* at 371.

Nowhere in the Forbearance Agreement did the Plaintiffs confirm and acknowledge that they would pay the Note pursuant to its terms. Nowhere in the Agreement is the amount of the debt stated. The Agreement states that any payments received pursuant to the Agreement constituted a "Separate Fund," distinct from the original obligation. Dkt. #36, Ex. 6 at 2 (¶9). The Forbearance Agreement did not include language that was clear and unequivocal, confirming the Plaintiffs' agreement to pay the original debt pursuant to its

PLAINTIFFS' OPPOSITION TO
MOTION FOR RECONSIDERATION - 5
(Case No. 2:17-01416 TSZ)



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

1    terms, and therefore was no acknowledgment of the debt sufficient to affect the statute of

2    limitations on the debt under Washington law.

3        Further, the Forbearance Agreement stated that the amount in default was $42,051.86,

4    more than the total amount the Plaintiffs paid under the Agreement. The Agreement required

5    the Plaintiffs to make twelve monthly payments from September 2008 to August 2009

6    totaling $62,937.00, in addition to the first $25,000 payment. The Plaintiffs made only

7    $15,734.25 of those payments, and none after the payment for December 2008. As discussed

8    at length in the previous briefing and at the July 20, 2018 hearing, the Agreement specifically

9

10    informed the Plaintiffs that the Agreement would be "TERMINATED WITHOUT NOTICE

11    TO YOU." *Id.* at 2 (¶7) (Emphasis in original). Any defaults in Plaintiffs' payment

12    obligations would result in a return to the parties' positions immediately prior to the

13    execution of the Agreement, and the Agreement would be considered a nullity. *Id.* at 2 (¶¶ 7-

14    9), 3-4 (¶ 9), 4 (¶ 13). Thus, because the Plaintiffs did not make all payments required under

15    the Agreement, the Agreement was of no effect and could not constitute an

16

17    acknowledgement of the original obligation.

18        U.S. Bank contends that *Steinberger v. Ocwen Loan Servicing, LLC,* __ Fed. Appx.

19    __, 2018 WL 3153127 (9th Cir. June 28, 2018), compels the conclusion that the Forbearance

20    Agreement constituted Plaintiffs' acknowledgement of the original debt. It does not. The

21    Court's ruling on July 20, 2018 relied heavily on the specific provisions of the Agreement.

22    *See* Transcript of Court's July 20, 2018 Oral Ruling (attached as Ex. 1 to Beckett Decl. for

23    Opposition to Motion for Reconsideration as Ex. 1) at 6-7. In comparison, we don't know

24

25    whether there were comparable provisions in the forbearance agreement signed by

26    Steinberger; all we know is that (1) it specified the loan number and property subject to the

PLAINTIFFS' OPPOSITION TO
MOTION FOR RECONSIDERATION - 6
(Case No. 2:17-01416 TSZ)



Berry&Beckett
LLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

agreement; (2) it said that Steinberger acknowledged the creditor's right to resume "normal collection servicing" upon a breach of the agreement; and (3) that Steinberger made all payments required under the forbearance agreement. *Steinberger,* 2018 WL 3153127, at \*1. We don't know if the agreement provided, as the one signed by the Plaintiffs did, that it would automatically terminate if Steinberger failed to make all of the payments required by it, or that the parties would revert to the positions they occupied immediately before the forbearance agreement was signed in the event of Steinberger's default. We also don't know whether the forbearance agreement stated the amount due on the original Note obligation and whether Steinberger agreed to pay that amount. And, unlike the forbearance agreement in *Steinberger,* the Forbearance Agreement signed by the Plaintiffs did not acknowledge that GreenPoint had the right to resume "normal collection servicing" upon a breach of the agreement." Unlike what happened here, Steinberger made all of the required payments under the forbearance agreement, thereby reinstating the original promissory note obligation. *Id.; Steinberger v. IndyMac Mortgage Services, LLC,* No. CV-15-00450-PHX-ROS, 2017 WL 6040003, at \*4 (D. Ariz. January 12, 2017). Simply put, *Steinberger v. Ocwen Loan Servicing, LLC* does not compel the conclusion that the Plaintiffs acknowledged the original Note obligation when they signed the Forbearance Agreement, and does not constitute an intervening change in controlling law that supports reconsideration of the Court's July 20, 2018 ruling. *Kona Enters., Inc.,* 229 F.3d at 890.

  While the Plaintiffs' execution of the Forbearance Agreement and their partial payments under it did not constitute an acknowledgement of the original debt, even if it had, it does not change the outcome of the Motion for Summary Judgment. As the Court noted in its ruling (*see* Transcript at 6-7), the Agreement did not result in a deceleration of the Note



1  simply by virtue of its existence, and the Agreement does not state that the Note is

2  decelerated. Therefore, the February 2008 acceleration of the entire Note balance remained in

3  effect notwithstanding the Plaintiffs' execution of the Forbearance Agreement.

4        Similarly, GreenPoint's acceptance of the Plaintiffs' partial payments under the

5  Forbearance Agreement did not constitute a waiver or a deceleration of the February 2008

6  acceleration. As noted in one treatise, "Most courts hold that the acceptance of a part

7  payment does not waive an acceleration. … When a note is accelerated upon default, the

8  entire debt becomes due and the subsequent acceptance of late payments merely reduces the

9

10 amount due but does not cure the default." Lawrence's Anderson on the Uniform

11 Commercial Code § 1-309:81R (2004 ed.)); *see also Wood v. Fitz-Simmons,* No. 2 CA-CV

12 2008-0041, 2009 WL 580784 (Ariz. Ct. App. Mar. 6, 2009) (acceptance of partial payments

13 by the lender does not negate the prior acceleration); *Lavin v. Elmakiss,* 302 A.D.2d 638,

14 639, 754 N.Y.S.2d 741 (2003) (same).

15

16       In any event, if Plaintiffs' execution of the Forbearance Agreement is deemed to have

17 been an acknowledgement of the original Note obligation, all it did was change the beginning

18 date for the running of the statute of limitations from February 13, 2008, the date of the

19 Notice of Default that contained the acceleration provision, to August 21, 2008, the date the

20 Plaintiffs signed the Agreement. The statute of limitations on U.S. Bank's right to collect on

21 the Note had still run by the time this action was filed. As the Washington Supreme Court

22 held in *Cannavina v. Poston,* 13 Wn.2d 182, 195, 124 P.2d 787 (1942),

23

24         An acknowledgement or promise made before the statute [of
        limitations] has run vitalizes the old debt for another statutory period
25         dating from the time of the acknowledgement or promise[.]

26 (citation omitted); *see also Griffin v. Lear,* 123 Wash. 191, 198, 212 P.271 (1923) ) (quoting

PLAINTIFFS' OPPOSITION TO
MOTION FOR RECONSIDERATION - 8
(Case No. 2:17-01416 TSZ)



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

17 R.C.L., Limitations of Actions § 254, at 895 (1917)) ("A new promise, made before a debt is barred by the statute of limitations, is held not to create a new and substantive contract, but to be merely evidence of an existing liability, and to fix a new date from which the statute runs."). Thus, if the Plaintiffs' execution of the Agreement was an acknowledgement of the original debt, using August 21, 2008 as the start date for the running of the statute of limitations, U.S. Bank's right to collect on the Note expired no later than six years after December 20, 2008: on December 20, 2014:

| | |
|---|---|
| August 21, 2008 | Statute of limitations start date |
| August 21, 2008 –August 22, 2008 | Tolled for Trustee's Sale date 8/22/2008 |
| August 22, 2008-December 20, 2008 | Tolled for 120 days pursuant to *Bingham v. Lechner*[3] |
| December 20, 2008-December 20, 2014 | Limitations period if Agreement was an acknowledgment of debt |

Similarly, even though Mr. Lopa's January 13, 2009 e-mail correspondence to Victor Suryana at GreenPoint (attached as Ex. 3 to Moore Decl. in Support of Motion for Reconsideration) bears none of the attributes of an acknowledgment, if it *was* an effective acknowledgment, the statute of limitations on U.S. Bank's right to collect on the Note expired six years after the date of the correspondence: January 13, 2015, well before this action was filed and well before U.S. Bank filed its King County judicial foreclosure action.

Therefore, whether or not the Forbearance Agreement and the Plaintiffs' partial payments under it were an acknowledgement of the original Note obligation, the result is the same – the statute of limitations on U.S. Bank's right to collect on the Note expired well before this litigation or the King County litigation was filed, and the Court's July 20, 2018

---

[3] *Bingham v. Lechner,* 111 Wn. App. 118, 130, 131, 45 P.3d 562 (2002) suggests (but does not conclusively hold) that the tolling period associated with a Notice of Trustee's Sale includes the 120-day period following the noticed Trustee's Sale date because the non-judicial foreclosure statutes authorize a trustee to continue a sale for up to 120 days following the noticed sale date.

PLAINTIFFS' OPPOSITION TO
MOTION FOR RECONSIDERATION - 9
(Case No. 2:17-01416 TSZ)

Berry&Beckett
LLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

1   ruling was correct.

2   **C.**    **The Court Did Not Misapply *Steinberger* Concerning Deceleration.**

3          Without citation or reference to any new legal authority or evidence, U.S. Bank

4   makes the same argument it did in its briefing leading up to the July 20, 2018 hearing and at

5   the hearing: that GreenPoint did not accelerate the entire Note balance in February 2008, but

6
7   if it did, the acceleration was decelerated by issuance of a 2012 Notice of Default and a 2013

8   letter from Ocwen. The Motion for Reconsideration adds nothing to the prior briefing and

9   argument. *See* Plaintiffs' Supplemental Brief, Dkt. #46 at 1-10; U.S. Bank's Supplemental

10   Brief, Dkt. #47 at 1-9. The Court previously ruled that delivery of the later documents was

11   not a deceleration. Transcript of Ruling at 8-9. Thus, the Motion for Reconsideration as to

12   this topic is not properly supported, and should be denied. *Combs*, 2013 WL 2300752, at *1

13   ("Mere disagreement with a previous order is an insufficient basis for reconsideration[.]").

14
15         As discussed in detail in Plaintiffs' Supplemental Brief, Dkt. #46 at 4-8, for a lender's

16   revocation, abandonment, or waiver of a prior acceleration of a mortgage loan to be effective,

17   the lender must clearly and unequivocally communicate to the borrower that it has revoked or

18   decelerated a prior acceleration. *Cadle Co. II v. Fountain,* No. 49488, 281 P.3d 1158 (Table),

19   2009 WL 1470032 (Nev. Feb. 4, 2009); *Citimortgage, Inc. v. Ramirez,* 59 Misc.3d 1212(A),

20   2018 WL 1749899 (Table) (N.Y. Sup. Ct. 2018); *U.S. Bank N.A. v. Crockett,* 55 Misc.3d

21   1222(A), 61 N.Y.S.3d 193 (N.Y. Sup. Ct. 2017) (same). A good portion of the July 20, 2018

22
23   oral argument before the Court was spent discussing these principles, and how they relate to

24   the facts here. At the conclusion of the hearing, the Court ruled that the 2012 Notice of

25   Default did not constitute a revocation or deceleration of the 2008 acceleration. U.S. Bank

26   has submitted nothing in or with its motion that compels the conclusion that the Court



1    committed manifest error by so ruling.[4]

2         Further, U.S. Bank relies on the 2012 Notice of Default from Bank of America, N.A.

3    ("Bank of America") and the 2013 "Welcome Letter" from Ocwen Loan Servicing, LLC

4    ("Ocwen"), for its proof that U.S. Bank decelerated the 2008 acceleration. However, while

5    the 2008 Notice of Default, which contained the immediate acceleration provision, was

6
     executed by Lawyers Title Insurance Corporation as "agent for GreenPoint Mortgage
7
     Funding," (see Lopa Decl., Dkt. #36, Ex. 3 at 3), the 2012 Notice of Default merely
8
9    identified Bank of America as the "servicer of the home loan," and the 2013 "Welcome

10   Letter" merely identified Ocwen as the new loan servicer. Dkt. #39, Ex.'s 1 and 8. Neither

11   the 2012 Notice of Default nor the Welcome Letter identify the principal on whose behalf the

12   servicers were acting or whether the principals authorized them to so act, and there is nothing

13
     in the record that explains these relationships or confirms that Bank of America or Ocwen
14
     had the authority to represent U.S. Bank or to change the acceleration status of the loan. See
15
16   Prudent Decl., Dkt. #39 at 1-5; Moore Decl., Dkt. #55 at 1-3. Without such evidence, the

17   Court cannot impute an intent on the part of GreenPoint or U.S. Bank to decelerate, abandon,

18   or waive the acceleration contained in the February 2008 Notice of Default.

19        For these reasons, the Court should deny U.S. Bank's Motion for Reconsideration

20   with respect to whether GreenPoint's February 2008 acceleration of the Plaintiffs' loan

21   obligation was later revoked or decelerated.

22
23   **C.      U.S. Bank Has Failed to Properly Support its Other Arguments for
              Reconsideration.**
24
     _____
25   [4] U.S. Bank concedes that the law in Washington on what constitutes a deceleration of a prior accelerated loan
     obligation is not firmly established. Motion for Reconsideration at 4 ("[N]o Washington case provides 'firm
     guidelines for when a creditor should be deemed to have abandoned a prior acceleration of an installment
26   debt.'"). In the absence of such firm guidelines, one cannot plausibly argue that the Court committed "manifest
     error" by ruling consistently with how courts in other jurisdictions have decided this issue.

PLAINTIFFS' OPPOSITION TO
MOTION FOR RECONSIDERATION - 11
(Case No. 2:17-01416 TSZ)

Berry&Beckett
LLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

U.S. Bank restates its previous arguments that the February 2008 Notice of Default did not constitute an acceleration of the Plaintiffs' loan obligation and that title to their real property can't be quieted in the Plaintiffs because they haven't paid in full the Note secured by the Deed of Trust. *See* Motion for Reconsideration at 1, n.2, and 2, n.3. U.S. Bank offers no new facts or law to support these arguments, and they should be rejected. LR 7(h); *Exxon Shipping Co.* 128 S.Ct. at 2617 (2008); *Combs v. Washington,* No. C12-5280 RBL-KLS, 2013 WL 2300752, at *1; *see also* Reply in Support of Plaintiffs' Motion for Summary Judgment (Dkt. #40) at 1-5, 9-12.

### III.  CONCLUSION

For the reasons discussed in this memorandum, the Court should deny U.S. Bank's Motion for Reconsideration.

DATED August 13, 2018.

BERRY & BECKETT, PLLP

*/s/ Guy Beckett*
Guy W. Beckett, WSBA #14939
Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO
MOTION FOR RECONSIDERATION - 12
(Case No. 2:17-01416 TSZ)



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346