THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACY HARDYAL, et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee,<br><br>    Defendant. | Case No.: 2:17-01416-TSZ<br><br>DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>NOTE ON MOTION CALENDAR: August 17, 2018.<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-01416-TSZ

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

## INTRODUCTION

Defendant[1] submits this Reply in support of its Motion for Reconsideration of the July 20, 2018 order granting Plaintiffs' Motion for Summary Judgment (Dkt. #54) and in response to the Plaintiffs' Opposition (Dkt. #57.) In its July 20, 2018 oral ruling, the Court stated that this is a "difficult case" because it involves debtors not paying their Loan and a lender who, under the Court's ruling, would not get any money or the Property. (Dkt. #58 at 13-14.) The Court elaborated: "I don't like that result. But I think that the cases and the documents require that result." (*Id.* at 14.) That result should be reversed to correct two manifest errors of law and to address recent disputed facts set forth in the Defendant's Motion for Reconsideration and this Reply. The Defendant respectfully requests the Court reconsider its July 20, 2018 ruling.

**A.    The Parties Dispute if Plaintiffs Cured Their Arrearages in 2008**.

While the parties will need to seek discovery to determine whether Mr. Lopa's 2009 payment was accepted, recent facts submitted through the reconsideration briefing indicate that Plaintiffs cured their arrearages under the Forbearance Agreement in 2008. (*See* Dkt. #55; Supplemental Declaration of Ryan S. Moore, Exhs. 1-2, submitted concurrently herein.) Plaintiffs dispute this material fact as to whether the arrearages were cured (which is another reason why summary judgment is inappropriate). In the related judicial foreclosure action, Mr. Lopa produced several checks from 2008 and 2009, but he did not produce his payment check due on September 1, 2008, the first required payment after the down payment under the Forbearance Agreement. (Dkt. #39-6 at 2, ¶ 3.) However, the Plaintiffs made that September 1, 2008 payment on or about September 2, 2008, which is reflected in Greenpoint's payment

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in Defendant's Motion for Reconsideration (Dkt. #54).

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-01416-TSZ
PAGE - 1

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

history. Recently, Defendant obtained Greenpoint's full Loan payment history. (Supplemental Declaration of Ryan S. Moore, Exh. 1.) From the date of the Forbearance Agreement until December 2008, Plaintiffs paid over $45,000 ($25,000 down payment plus four months of $5,244.75 payments), which cured the $42,051.86 arrearage. (*Id.* at Exhs. 1 and 2; Dkt. #39-6 at 2.) Under the Forbearance Agreement, the Plaintiffs' payments "shall be applied to the earliest defaulted payment ow[]ing [sic]. Subsequent payments hereunder shall be similarly applied, until all arrearages are paid in full." (Dkt. #39-6 at 3, ¶ 9.) Based on these payments, Plaintiffs cured through the date of the Forbearance Agreement, which is why Ocwen informed the Plaintiffs in 2013 that their next payment date was September 1, 2008. (Dkt. #39-1 at 2.)

### B. Under Recent Ninth Circuit Law, Plaintiffs Acknowledged the Debt.

Even if Plaintiffs had not cured the full arrearage amount under the Forbearance Agreement,[2] which they did, the recent Ninth Circuit case of *Steinberger v. Ocwen Loan Servicing, LLC,* No. 17-15314, 2018 WL 3153127 (9th Cir. June 28, 2018) governs. The borrowers in *Steinberger* appealed the dismissal of their statute of limitations claim. There, the parties agreed that the mortgage was accelerated and the statute of limitations had run by the time Deutsche Bank brought its judicial foreclosure counterclaim. Deutsche Bank responded with three arguments: (1) revocation of the debt (which was discussed at length in the lower District Court decision); (2) equity; and (3) acknowledgment. The Ninth Circuit focused solely on acknowledgment and affirmed dismissal based on a forbearance agreement.

Plaintiffs' attempts at distinguishing the Ninth Court's decision in *Steinberger* fall short; the Ninth Circuit decision of *Steinberger* is controlling law. First, the Plaintiffs hint that there is

---

[2] By executing the Forbearance Agreement, even if the Plaintiffs did not comply with every term, they acknowledged the Loan by promising to make their monthly Note payments and cure arrearages. *See, e.g., Fetty v. Wenger*, 110 Wn. App. 598, 601, 36 P.3d 1123 (2001) (allowing acknowledgment based on an implied contract).

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-01416-TSZ
PAGE - 2

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

significance to the fact that the parties here do not know all of the terms of the *Steinberger* forbearance agreement. Yet, the Ninth Circuit described the critical parts of the forbearance agreement which satisfied the three-part test of acknowledgment under Arizona law. Did the forbearance agreement (1) identify the obligation; (2) state an express or implied promise to pay; and (3) contain an expression of the justness of the debt? *Id.* at *1. Like in *Steinberger*, all three prongs are satisfied by the August 21, 2008 Forbearance Agreement.

Regarding (1), the Forbearance Agreement identifies the Loan and incorporates the Note and Deed of Trust. (Dkt. #39-6 at 2, 4.) Regarding (2), Plaintiffs promised to pay the arrearages of $42,051.86 (which they did pay) plus their regular Note payments under the Forbearance Agreement. Regarding (3), the Forbearance Agreement states that the Plaintiffs are in "arrears" and in "default" and that "[a]ll" provisions of the "Note and Mortgage" remained in "full force and effect." (*Id.* at 2. 4, ¶ 10.) Plaintiffs signed the Forbearance Agreement to cure arrearages and make monthly payments under the Note. They were successful in curing the arrearages but did not continue paying on the Note past 2009.

There is also a factual disagreement in the parties' analysis of the Ninth Circuit decision of *Steinberger*. Plaintiffs believe *Steinberger* is distinguishable because the borrowers there made all their required payments under the Forbearance Agreement. (Opposition at 8.) First, there is no mention of that fact in the Ninth Circuit's decision, and that fact had no bearing on the Ninth Circuit's decision. Second, Plaintiffs, here, as demonstrated by the Defendant's evidence, cured the arrearages (which Plaintiffs dispute apparently). Only after the Plaintiffs cured the arrearages did they stop paying under the Note in 2009.

The three Arizona requirements for acknowledgment in the Ninth Circuit decision of *Steinberger* enumerated above are similar to the three acknowledgment requirements in

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-01416-TSZ
PAGE - 3

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Washington. Acknowledgment under Washington law requires "a written acknowledgment or promise signed by the debtor that recognizes the debt's existence, [that] is communicated to the creditor, and [that] does not indicate an intent not to pay." *In re Tragopan Props., LLC*, 164 Wn. App. 268, 273, 263 P.3d 613 (2011). The Forbearance Agreement and Plaintiffs' subsequent payments of over $45,000 that cured the arrearages set forth in the Forbearance Agreement meet the Washington standard. The Washington standard is lower when the event of acknowledgment, like here, occurs before the statute of limitations passes. Six years from acceleration did not pass before acknowledgment arose. The purported acceleration occurred in February 2008 and the acknowledgment occurred in August 2008 (and continued with the payments from August 2008 until December 2008, maybe 2009, depending on discovery). *See Fetty v. Wenger*, 110 Wn. App. 598, 36 P.3d 1123 (2001) ("When a writing is made before the limitations period has expired, any acknowledgment of the obligation necessarily implies an agreement to pay, unless something in the acknowledgment requires a contrary conclusion").

The only substantive distinction that Plaintiffs can make for why the case law of *Fetty* and *Lombardo v. Mottola*, 18 Wn. App. 227, 566 P.2d 1273 (1977), does not apply is in a footnote to the Opposition. Plaintiffs contend that in those two cases the acknowledgment happened *after* the statute of limitations ran. (Opposition at 4 n.1.) The three-part test for acknowledgment is the same whether it happens before or after the statute of limitations runs but the first prong is easier to satisfy based on *Fetty* before the statute of limitations has run. So the only substantive distinction that Plaintiffs make regarding *Fetty* and *Lombardo* cuts against their position that acknowledgment did not occur. The Plaintiffs in no way distinguish the facts of *Lombardo* from the facts here. Like in *Lombardo*, the borrowers here were in default and signed a writing acknowledging they were in default, which was sent to the creditor, and

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-01416-TSZ
PAGE - 4

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

showed an intent to pay and cure arrearages. While not a requirement under *Lombardo*, there is evidence that Plaintiffs cured the arrearages under the Forbearance Agreement. The Court in *Lombardo* held that acknowledgment applied even though there was no evidence whether payment; the promise itself was sufficient for acknowledgment to apply.

### C. Acknowledgment of the Debt Means the Loan is No Longer Accelerated.

Acknowledgment of the debt through the 2008 Forbearance Agreement and subsequent payments meant that the Loan was no longer accelerated. *Lombardo*, 18 Wn. App. at 232 ("the writing takes the case out of the statute of limitations"). This point is made clear by the Ninth Circuit in *Steinberger*, where the Court affirmed dismissal even though the statute of limitations had passed on an accelerated loan based *solely* on acknowledgment grounds. The Ninth Circuit in *Steinberger* did not "reset" the acceleration date to the borrowers' forbearance agreement as Plaintiffs suggest should happen here without citing any supporting acceleration cases. The Plaintiffs' cited cases, *Cannavina v. Poston*, 13 Wn.2d 182, 124 P.2d 787 (1942) and *Griffin v. Lear*, 123 Wash. 191, 198, 212 P. 271 (1923) (quotations omitted), do not involve the intersection at issue here – a purportedly accelerated Loan and acknowledgment. The relevant case is the Ninth Circuit *Steinberger* decision. After Plaintiffs signed the August 21, 2008 Forbearance Agreement and paid the arrearages, an act of acceleration did not take place more than six years before Defendant moved to judicially foreclose in 2017. At minimum, genuine issues of fact exist regarding whether Plaintiffs acknowledged the debt.

### D. *Hummel* and *Steinberger* Show that Acceleration was Revoked.

The Court erred by misapplying the District Court case of *Steinberger* on the issue of revocation of acceleration. The District Court held that "revocation of acceleration occurs when a lender takes an affirmative act that places the borrower on actual or constructive notice of the

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-01416-TSZ
PAGE - 5

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

revocation." *Steinberger v. IndyMac Mortg. Servs.*, No. 15-00450, 2017 WL 6040003, at *12 (D. Ariz. Jan. 12, 2017), *aff'd sub nom. Steinberger v. Ocwen Loan Servicing, LLC*, No. 17-15314, 2018 WL 3153127 (9th Cir. June 28, 2018). In *Steinberger*, the lender introduced two pieces of evidence to show revocation: (1) cancellation of the Trustee's Sale; and (2) a default letter informing the borrower that he had the right to pay past due amounts, not the entire loan balance. Either piece of evidence was sufficient to "revoke the acceleration." *Id.*

On August 7, 2018, the District Court of Arizona authored another opinion on revocation of acceleration, *Hummel v. Rushmore Loan Management LLC*, No. 17-08034, 2018 WL 3744858 (D. Ariz. Aug. 7, 2018), which follows the ruling of *Steinberger*. In *Hummel*, the borrowers received a notice of intent to accelerate in February 2009 which stated that "if the default is not cured on or before March 19, 2009, the mortgage payments will be accelerated." *Id.* at *4. The Court held that assuming the acceleration clause was exercised in March 2009 "it was nonetheless revoked in February 2011 when a subsequent notice of intent to accelerate was sent." *Id.* at *5. "Such statements indicate a revocation of prior acceleration because the loan default can again be cured by paying less than the full amount." *Id.*

The Defendant has met the *Steinberger/Hummel* standard of evidence of revocation of acceleration which should result in denial of Plaintiffs' MSJ. The 2012 Notice of Default states "that the debtor is in default, the debtor has a right to cure the default by paying less than the full debt, and the creditor might accelerate the debt if the debtor does not cure the default." *Hummel*, 2018 WL 3744858, at *5 (*citing Steinberger*, 2017 WL 604003, at *13).

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-01416-TSZ
PAGE - 6

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

## **CONCLUSION**

Based on the above, the corresponding declaration and exhibits, and the Defendant's motion to reconsider and declaration and exhibits submitted therewith, the Defendant respectfully requests that this Court reconsider its July 20, 2018 ruling and deny Plaintiffs' MSJ.

DATED: August 17, 2018.

**HOUSER & ALLISON, APC**

By: *s/ Ryan S. Moore*
Ryan S. Moore (WSBA 50098)
rmoore@houser-law.com
Robert W. Norman, Jr. (WSBA 37094)
rnorman@houser-law.com
Attorneys for Defendant

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-01416-TSZ
PAGE - 7

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

# DECLARATION OF SERVICE

I, the undersigned, declare as follows: I am over the age of 18 years and am not a party to this action. On August 17, 2018, I served the foregoing document(s): DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION in the manner described below:

| | |
|---|---|
| Guy W. Beckett<br>Berry & Beckett, PLLP<br>1708 Bellevue Avenue<br>Seattle, WA 98122<br>gbeckett@beckettlaw.com<br>*Counsel for Plaintiffs* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ E-mail (to avoid delay)<br>☐ Courier |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 17, 2018

                                        *s/ Shawn Williams*
                                        Shawn Williams

DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
CASE NO. 2:17-01416-TSZ
PAGE - 8

HOUSER & ALLISON, APC
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839