The Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY HARDYAL, FRANK LOPA,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for Certificate Holders of Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-3 Trust; unknown DOE defendants 1 through 50 claiming an interest in subject property,<br><br>Defendants. | Case No.: 2:17-01416 TSZ<br><br>PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION<br><br>NOTED ON MOTION CALENDAR: August 17, 2018<br><br>ORAL ARGUMENT REQUESTED |

Plaintiffs request the Court to strike the alleged payment record from GreenPoint Mortgage Funding ("GreenPoint"), attached as Exhibit 1 to the Declaration of Ryan S. Moore in Support of Defendant's Reply for its Motion for Reconsideration (Dkt. #61), and the portions of Defendant U.S. Bank National Association's ("U.S. Bank's") Reply for its Motion for Reconsideration (Dkt. #60) that discuss it. U.S. Bank has made no showing that the document was not available to it, and with reasonable diligence could not have been submitted to the Court, prior to the Court's summary judgment ruling. In addition, by filing

PLAINTIFFS' SURREPLY TO DEFENDANT'S
REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION - 1
(Case No. 2:17-01416 TSZ)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

the document as part of its Reply in Support of its Motion for Reconsideration, U.S. Bank has precluded the Plaintiffs from responding to it. Finally, the document is hearsay and U.S. Bank has neither authenticated the document nor provided evidence from a qualified person to support its admission into evidence, to be considered by the Court in deciding the Motion for Reconsideration.

When a party moves for reconsideration of a court order and supports the motion with evidence that was not submitted prior to the order that is the subject of the motion, Local Civil Rule ("LCR") 7(h) provides that the motion should "ordinarily" be denied without a showing that the new evidence could not have been brought to the Court's attention "earlier with reasonable diligence". *See also Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000); *Fay Corp. v. BAT Holdings One, Inc.,* 651 F. Supp. 307, 309 (W.D. Wash. 1987, *aff'd* 896 F.2d 1227 (9th Cir. 1990) (motion for reconsideration not justified on basis of new evidence available prior to challenged ruling). U.S. Bank has made no showing, and has made no effort to show, that the alleged GreenPoint payment record could not have, with reasonable diligence, been submitted to the Court prior to its ruling on Plaintiff's Motion for Reconsideration.

U.S. Bank's failure to make such a showing, or event to attempt make a showing, is compounded by submission of the alleged payment record as part of its reply in support of its Motion for Reconsideration. Ordinarily, except in circumstances not present in this situation, the district court should not consider alleged facts in support of a motion that are made for the first time in reply papers for that motion. *Zameni v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007). To do so unfairly deprives the party opposing the motion of an opportunity to respond to those alleged facts. That is the case here as well. The alleged payment record submitted by

PLAINTIFFS' SURREPLY TO DEFENDANT'S
REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION - 2
(Case No. 2:17-01416 TSZ)



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

U.S. Bank directly contradicts its own pleadings and evidence (*see, e.g.,* Prudent Decl. (Dkt. #39), Ex. 8 (2012 Notice of Intent to Accelerate alleging payments unpaid since September 1, 2008), Ex. 9 (U.S. Bank's Complaint in King County Superior Court Case No. 17-2-2012109 SEA, ¶ 9 ("The Borrowers have failed to make the monthly payment due on September 1, 2008 and in subsequent months up to and including the date of filing this Complaint."))). U.S. Bank's submission of this "new" evidence in its reply in support of its Motion for Reconsideration deprives the Plaintiffs of the chance to respond to it.

Finally, the Court should not consider the alleged payment record because it is inadmissible hearsay. U.S. Bank has submitted it to prove the truth of the matter asserted in it – the alleged payment history of the Plaintiffs on the loan secured by the Deed of Trust on their property. This is classic hearsay. FRE 801(c). The document does not come within any of the exceptions to the Hearsay Rule, and U.S. Bank has submitted no testimony in support of its admission. FRE 802, 803, 804. Moreover, the document is not self-authenticating, and U.S. Bank has submitted no testimony or other evidence to prove that the document is what U.S. Bank has purported it to be. FRE 901. Indeed, the document itself doesn't even identify itself as something from GreenPoint's records. Simply put, the document is inadmissible.

For all of these reasons, the Court should strike from evidence the alleged GreenPoint loan payment record and any reference to it in U.S. Bank's reply in support of its Motion for Reconsideration, and should not consider it when deciding U.S. Bank's Motion for Reconsideration.

DATED August 22, 2018.

BERRY & BECKETT, PLLP
 */s/ Guy Beckett*
Guy W. Beckett, WSBA #14939
Attorneys for Plaintiffs

PLAINTIFFS' SURREPLY TO DEFENDANT'S
REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION - 3
(Case No. 2:17-01416 TSZ)



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346